After Remand by the Alabama Supreme Court

KELLUM, Judge.
In 1986, Anthony Ray Hinton was convicted of two counts of capital murder and was sentenced to death. This Court and the Alabama Supreme Court affirmed Hinton’s convictions and sentence on appeal. Hinton v. State, 548 So.2d 547 (Ala.Crim.App.1988) (“Hinton I”), aff'd, 548 So.2d 562 (Ala.1989) (“Hinton II”). In 1990, Hinton filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he alleged, among other things, that his trial counsel had been ineffective for not hiring a qualified firearms-identification expert for his defense. After an evidentia- *357 ry hearing, the circuit court denied Hinton’s petition in 2005, finding, in relevant part, that Hinton’s trial counsel had not been ineffective for not hiring a qualified firearms-identification expert because counsel had hired Andrew Payne to exam: ine the evidence and to testify in his defense. This Court affirmed the denial of Hinton’s petition on appeal, adopting the circuit court’s finding. Hinton v. State, 172 So.3d 249 (Ala.Crim.App.2006) Hinton III”).
On certiorari review, the Alabama Supreme Court reversed this Court’s judgment, holding that it was premature to address the issue whether trial counsel had been ineffective for not hiring a qualified firearms-identification expert because no specific finding of fact had been made by the circuit court, as required by Rule 32.9, Ala. R.Crim. P., as to whether Andrew Payne, whom trial counsel had procured in Hinton’s defense, was, in fact, qualified as an expert in firearms identification. Ex parte Hinton, 172 So.3d 332 (Ala.2008) (“Hinton IV”). The Court then remanded the case for this Court to remand the case “for the trial court to enter an order pursuant to Rule 32.9, Ala. R.Crim. P., making specific findings as to whether Andrew Payne was indeed qualified and competent to testify as a firearms-identification expert based on his knowledge, skill, experience, training, or education.” Hinton IV, 172 So.3d at 337. We note that while this case was pending on appeal, the circuit judge who had ruled on Hinton’s Rule 32 petition and who had also presided over Hinton’s original trial retired from the bench, and a different circuit judge was assigned to the case.
In accordance with the Alabama Supreme Court’s instructions, this Court remanded this case for the circuit court “to conduct proceedings that are consistent with [the Supreme Court’s] opinion.” Hinton v. State, 172 So.3d 338 (Ala.Crim.App.2008) (opinion after remand from the Alabama Supreme Court) (“Hinton V”). On remand, the circuit court failed to comply with the Alabama Supreme Court’s instructions; it did not make specific findings of fact regarding whether Andrew Payne was a qualified firearms-identification expert. Therefore, this Court remanded this case a second time, by order, for the circuit court to comply with the Alabama Supreme Court’s opinion in Hinton IV. On second remand, the circuit court complied with the Supreme Court’s opinion and issued a written order finding that Andrew Payne was, in fact, a qualified expert in firearms identification. This Court then affirmed' the circuit court’s judgment, holding that “[a]fter reviewing the record, we cannot say that the circuit court abused its discretion in finding that Payne was qualified as an expert in firearms identification” and that “[b]eeause Payne was a qualified expert in firearms identification, even if his qualifications did not match those of the State’s experts, Hinton’s claim that his trial counsel was ineffective for ■ not. procuring a qualified firearms-identification expert is meritless and his Rule 32 petition was properly denied on this ground by the circuit court.” Hinton v. State, 172 So.3d 338, 347 (Ala.Crim.App.2011) (opinion on return to second remand) (“Hinton VI ”).
On certiorari review, the Alabama Supreme Court again reversed this Court’s judgment, this time holding that this Court had erred in applying an abuse-of-discretion standard of review in reviewing the circuit court’s finding that Andrew Payne was a qualified firearms-identification expert because the circuit court’s finding had been based on “the ‘cold trial record’ ” and, *358 thus, the circuit court “was in no better position than was an appellate court to make the determination it made.” Ex parte Hinton, 172 So.3d 348, 353 (Ala.2012) (“Hinton VII”). The Court then remanded this case to this Court for us “to apply a de novo standard of review in reviewing the circuit court’s judgment that Payne was qualified to testify as a firearms-identifieation expert.” Hinton VII, 172 So.3d at 353.
In accordance with the Alabama Supreme Court’s instructions, we have “review[ed] the circuit court’s judgment that Payne was qualified to testify as a firearms-identification expert” under “a de novo standard of review,” and we hold that the circuit court did not err in finding that Payne was qualified as an expert in firearms identification. See Hinton VI, in which this Court detailed the qualifications of Andrew Payne as gleaned from the record, set out the law in effect at the time of Hinton’s trial, and explained why Payne was qualified as an expert in firearms identification. Therefore, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

After Remand by the United States Supreme Court

KELLUM, Judge.
In 1986, Anthony Ray Hinton was convicted of two counts of capital murder and was sentenced to death. This Court and the Alabama Supreme Court affirmed Hinton’s convictions and sentence on appeal. Hinton v. State, 548 So.2d 547 (Ala.Crim.App.1988) (“Hinton I”), aff'd, 548 So.2d 562 (Ala.1989) (“Hinton II”).
In 1990, Hinton filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he alleged, among other things, that his trial counsel had been ineffective for not hiring a qualified firearms-identification expert for his defense. Hinton argued that his trial counsel was unaware that § 15 — 12—21(d), Ala.Code 1975, which had previously limited funding for experts to $500 per case, had been amended some two years before Hinton’s trial to remove the cap on funding for experts and that counsel had failed to seek “additional funds when it became obvious that the individual willing to examine the evidence in the case for the $1000 allotted by the court was incompetent and unqualified.” (C. 419.) In 2005, the circuit court denied Hinton’s petition after an evidentiary hearing, finding that Hinton had not been prejudiced by trial counsel’s performance because counsel had hired Andrew Payne to examine the evidence and to testify in his defense and Payne’s testimony, if believed, strongly supported the inference that Hinton was not guilty of the capital murders.
This Court affirmed the denial of Hinton’s Rule 32 petition on appeal. Hinton v. State, 172 So.3d 249 (Ala.Crim.App.2006) (“Hinton III”). Specifically, this Court adopted the circuit court’s findings of fact and held that, even if counsel’s failure to know that the statutory cap on expert funds had been lifted did constitute deficient performance, Hinton had failed to prove that he had been prejudiced by counsel’s hiring Andrew Payne, whose testimony at trial established his expertise and was even more favorable to Hinton than the testimony of the experts who testified at the Rule 32 hearing. Hinton III, 172 So.3d at 289.
On certiorari review, the Alabama Supreme Court reversed this Court’s judgment, quoting then Judge Shaw’s dissent for the holding that the “ ‘dispositive issue [was] whether Payne was a qualified firearms and toolmarks expert.’” Ex parte *359 Hinton, 172 So.3d 332, 335 (Ala.2008) (‘'Hinton IV”) (quoting Hinton III, 172 So.3d at 329 (Shaw, J., dissenting)). According to the Alabama Supreme Court, if Payne was indeed an expert, then Hinton had failed to establish that he was prejudiced by his counsel’s hiring Payne, as required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because no specific finding of fact had been made by the circuit court, as required by Rule 32.9, Ala. R.Crim. P., as to whether Payne was, in fact, qualified as an expert in firearms identification, the Alabama Supreme Court remanded the case for this Court to remand the case “for the trial court to enter an order pursuant to Rule 32.9, Ala. R.Crim. P., making specific findings as to whether Andrew Payne was indeed qualified and competent to testify as a firearms-identification expert based on his knowledge, skill, experience, training, or education.” Hinton IV, 172 So.3d at 337.
In accordance with the Alabama Supreme Court’s instructions, this Court remanded this case for the circuit court “to conduct proceedings that are consistent with [the Supreme Court’s] opinion.” Hinton v. State, 172 So.3d 338 (Ala.Crim.App.2008) (opinion after remand from the Alabama Supreme Court) (“Hinton V”). After the circuit court complied with the . Alabama Supreme Court’s instructions and ■made findings that Payne was, in fact, qualified as an expert in firearms identification, this Court affirmed the circuit court’s judgment, holding that “[a]fter reviewing the record, we cannot say that the circuit court abused its discretion in finding that Payne was qualified as an expert in firearms identification” and that “[because Payne was a qualified expert in firearms identification, even if his qualifications did not match those of the State’s experts, Hinton’s claim that his trial counsel was ineffective for not procuring a qualified firearms-identification expert is meritless and his Rule 32 petition was properly denied on this ground by the circuit court.” Hinton v. State, 172 So.3d 338, 347 (Ala.Crim.App.2008) (opinion on return to second remand) (“Hinton VI”).
On certiorari review, the Alabama Supreme Court again reversed this Court’s judgment, this time holding that this Court had erred in applying an abuse-of-discretion standard of review in reviewing the circuit court’s finding that Andrew Payne was a qualified firearms-identification expert because, the Supreme Court stated, the circuit court’s finding had been based on “the ‘cold trial record’ ” and, thus, the circuit court “was in no better position than was an appellate court to make the determination it made.” Ex parte Hinton, 172 So.3d 348, 353 (Ala.2012) (“Hinton VII ”). The Alabama Supreme Court then remanded this case for this Court “to apply a de novo standard of review in reviewing the circuit court’s judgment that Payne was qualified to testify as a firearms-identification expert.” Hinton VII, 172 So.3d at 353. In compliance with the Alabama Supreme Court’s instructions, this Court then reviewed the circuit court’s findings under the de novo standard of review and found that Payne was qualified as an expert in firearms identification. Hinton v. State, 172 So.3d 355 (Ala.Crim.App.2013) (“Hinton VIII”). Tha Alabama Supreme Court denied certiorari review on April 19, 2013.
On February 24, 2014, the United States Supreme Court granted certiorari review and vacated this Court’s judgment affirming the circuit court’s denial of Hinton’s claim that his trial counsel had been inef *360 fective for not hiring a qualified firearms-identification expert for his defense. Hinton v. Alabama, 571 U.S. -, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014). Applying the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that trial counsel’s “failure to request additional funding in order to replace an expert he knew to be inadequate because he mistakenly believed that he had received all [the funds] he could get under Alabama law constituted deficient performance.” 571 U.S. at -, 134 S.Ct. at 1088. The Court explained:
“Hinton’s attorney knew that he needed more funding to present an effective defense, yet he failed to make even the cursory investigation of the state statute providing for defense funding for indigent defendants that would have revealed to him that he could receive reimbursement not just for $1,000 but for ‘any expenses reasonably incurred.’ An attorney’s ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland.”
571 U.S. at -, 134 S.Ct. at 1088-89. As to the prejudice prong of Strickland, the Court noted that the Alabama Supreme Court in its opinion in Hinton IV had “focused on Payne’s own qualifications, rather than on whether a better expert— one who could have been hired had the attorney learned that there was no funding cap and requested additional funds — would have made a more compelling case for Hinton.” 571 U.S. at -, 134 S.Ct. at 1087. The Court held that “if there is a reasonable probability that Hinton’s attorney would have hired an expert who would .have instilled in the jury a reasonable doubt as to Hinton’s guilt had the attorney known that the statutory funding limit had been lifted, then Hinton was prejudiced by his lawyer’s deficient performance and is entitled to a new trial.” 571 U.S. at -, 134 S.Ct. at 1089-90. Because no Alabama court had yet evaluated the prejudice prong of Strickland “by applying the proper inquiry to the facts of this case,” 571 U.S. at -, 134 S.Ct. at 1090, the United States Supreme Court vacated this Court’s judgment and remanded the case for further proceedings, i.e., for an Alabama court to determine whether there is a reasonable probability that, had Hinton’s trial counsel known that the statutory-funding limit had been lifted, counsel would have hired an expert other than Payne, an expert who would have instilled in the jury a reasonable doubt as to Hinton’s guilt.
It is well settled that when an evi-dentiary hearing is conducted on a Rule 32 petition, Rule 32.9(d), Ala. R.Crim. P., requires that the circuit court “make specific findings of fact relating to each material issue of fact presented.” As the Alabama Supreme Court recognized in Hinton IV: “[I]t would be premature for [an appellate court] to examine [an] issue without the trial court’s first making specific findings” of fact. 172 So.3d at 337. In this case, the circuit court has not made findings of fact' regarding the prejudice prong in Strickland by using the appropriate inquiry as set forth in the United States Supreme Court’s opinion. In other words, the cir-' cuit court has not made any findings regarding whether there is a reasonable probability that, had Hinton’s trial counsel known that the statutory-funding limit had been lifted, counsel would have hired an expert other than Payne, an expert who would have instilled in the jury a reasonable doubt as to Hinton’s guilt. Therefore, we must remand this case for the circuit court to make specific findings of fact on that issue.
*361 Based on the foregoing, we remand this case to the circuit court for it to make specific written findings of fact regarding whether there is a reasonable probability that, had Hinton’s trial counsel known that the statutory-funding limit had been lifted, counsel would have hired an expert other than Payne, an expert who would have instilled in the jury a reasonable doubt as to Hinton’s guilt. The circuit court may conduct further proceedings on remand if necessary, including an additional eviden-tiary hearing, or it may accept additional evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. Due return shall be filed with this Court within 180 days of the date of this opinion and shall include a transcript of the additional evidentiary hearing, if one is conducted, any additional evidence received by the circuit court, and the circuit court’s specific written findings of fact.
REMANDED WITH DIRECTIONS.
WINDOM, P.J., and WELCH, BURKE,- and JOINER, JJ., concur.

On Return to Third Remand

KELLUM, Judge.
In 1986, Anthony Ray Hinton was convicted of two counts of capital murder and was sentenced to death. This Court and the Alabama Supreme Court affirmed Hinton’s convictions and sentence on appeal. Hinton v. State, 548 So.2d 547 (Ala.Crim.App.1988), aff'd, 548 So.2d 562 (Ala.1989).
In 1990, Hinton filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief, in which he alleged, among other things, that his trial counsel had been ineffective for not hiring a qualified firearms-identification expert for his defense. Specifically, Hinton argued that his trial counsel was unaware that § 15 — 12—21 (d), Ala. Code 1975, which had previously limited funding for experts to $500 per case, had been amended some two years before Hinton’s trial to remove the cap on funding for experts and that counsel had failed to seek “additional funds when it became obvious that the individual willing to examine the evidence in the case for the $1000 allotted by the court was incompetent and unqualified.” (C. 419.) The circuit court denied the petition. After lengthy appellate litigation, the circuit court’s judgment was ultimately affirmed by this Court. Hinton v. State, 172 So.3d 249 (Ala.Crim.App.2006), rev’d, Ex parte Hinton, 172 So.3d 332, 334 (Ala.2008), on remand, Hinton v. State, 172 So.3d 338 (Ala.Crim.App.2008) (opinion after remand from the Alabama Supreme Court), on return to remand, Hinton v. State, 172 So.3d 338, 340 (Ala.Crim.App.2008) (opinion on return to second remand), rev’d, Ex parte Hinton, 172 So.3d 348, 349 (Ala.2012), on remand, Hinton v. State, 172 So.3d 355 (Ala.Crim.App.2013) (opinion after second remand from the Alabama Supreme Court).
On February 24, 2014, the United States Supreme Court granted certiorari review and vacated this Court’s judgment affirming the circuit court’s denial of Hinton’s claim that his trial counsel had been ineffective for not hiring a qualified firearms-identification expert for his defense. Hinton v. Alabama, 571 U.S. -, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014). The Supreme Court concluded that counsel’s failure to know that the statutory-funding limit had been lifted constituted deficient performance under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but that no Alabama court had yet addressed the proper prejudice inquiry under Strickland: Whether there is a rea *362 sonable probability that, had Hinton’s trial counsel known that the statutory-funding limit for experts had been lifted, counsel would have hired an expert other than the expert he hired — i.e., an expert who would have instilled in the jury a reasonable doubt as to Hinton’s guilt. Therefore, the Supreme Court remanded this case for an Alabama court to determine whether Hinton was prejudiced by his counsel’s deficient performance.
In accordance with the United States Supreme Court’s opinion, we remanded this case for the circuit court to make specific written findings of fact regarding the prejudice inquiry set out by the United States Supreme Court. Hinton v. State, 172 So.3d 355 (Ala.Crim.App.2014) (opinion after remand by the United States Supreme Court). On remand, the circuit court, in a well reasoned order, found that counsel, in fact, would have hired a different and more qualified expert had counsel known that the statutory-funding limit had been lifted and that there was a reasonable probability that the testimony of a different and more qualifiéd expert would have instilled in the jury a reasonable doubt as to Hinton’s guilt.. Therefore, the circuit court granted Hinton’s Rule 32 petition.
Because Hinton has received the relief he requested in his Rule 32 petition, this appeal is now moot and due to be dismissed.
APPEAL DISMISSED.**
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

 Note from the reporter of decisions: On April 2, 2015, during his second trial, the case against Hinton was dismissed and his convictions overturned for evidentiary reasons.